United States District Court
Southern District of Texas
**ENTERED**
April 15, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEANETTE CLAREET, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-20-3305 |
| | § | |
| CITY OF HOUSTON, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Jeanette Clareet sued the City of Houston, Police Chief Art Acevedo, Officer Muhammad Qazi, and Officer Daniel Iwai, alleging that Officers Qazi and Iwai violated her Fourth and Fourteenth Amendment rights to bodily integrity when Officer Qazi allegedly groped her while performing a body search. (Docket Entry No. 11). She alleges that Police Chief Acevedo was complicit in the alleged groping, and that the City of Houston's customs, policies, and practices encouraged these alleged constitutional violations. (*Id.*). The defendants moved to dismiss. (Docket Entry No. 14).

The court grants the motion to dismiss the City of Houston and Police Chief Acevedo. Clareet did not allege facts plausibly stating a claim that the City of Houston promulgated an official policy or custom that was the "moving force" behind the alleged violation of her constitutional rights. *Ratliff v. Aransas County, Tex.*, 948 F.3d 281, 285 (5th Cir. 2020). Similarly, Clareet has not alleged facts plausibly stating a claim that Police Chief Acevedo participated in the alleged constitutional violation or implemented policies that resulted in the alleged violation. *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017).

The court denies the motion to dismiss the 42 U.S.C. § 1983 claims against Officers Qazi and Iwai in their individual capacities. Clareet alleged that Officer Iwai groped her while conducting a body sea rch, and that Officers Iwai and Qazi failed to call and wait for a female officer to perform the body search. (Docket Entry No. 14 at ¶¶ 54–56). These facts are sufficient to state a § 1983 claim against Officers Qazi and Iwai at this stage. *See Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995) (allegations of sexual assault are sufficient to establish that the plaintiff suffered an actionable deprivation of her liberty interest in freedom from sexual abuse by persons wielding state authority). The court also denies the motion to dismiss the sexual-assault claim against Officer Qazi. The court grants the motion to dismiss the sexual-assault claim against Officer Iwai, because Clareet did not allege that he "made contact" with her. TEX. PENAL CODE § 22.01(a)(3).

The claims against the City of Houston and Police Chief Acevedo, and the sexual-assault claim against Officer Iwai, are dismissed with prejudice, because amendment would be futile.

SIGNED on April 15, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge